# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| MONICA HICKMON, | * |
| Plaintiff, | * |
| v. | Case No.: GJH-19-270 |
| | * |
| UNITED STATES, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Plaintiff Monica Hickmon initiated this action in the District Court of Maryland for Prince George's County alleging fraud, defamation, and employment discrimination claims against Rosie Taylor who was acting within the scope of her employment with the United States Postal Service at the time of the alleged incidents. ECF Nos. 1-3, 1-4, 3-1, 9-1. The United States of America removed the action to this Court, ECF No. 1, and filed a Motion to Substitute, removing Ms. Taylor and adding the United States as the proper defendant, ECF No. 3. Pending before the Court is the United States' Motion to Dismiss. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted.[1]

**I. BACKGROUND**

Plaintiff alleges that Ms. Taylor "committed contract fraud, wage fraud, defamation of character and discrimination based on [Plaintiff's] disability" while Ms. Taylor was acting within the scope of her employment with the United States Postal Service. ECF No. 1-4. She claims that

---

[1] On June 6, 2019, Plaintiff filed a response requesting that the case be dismissed because she did not have time to respond to the Motion to Dismiss and did not intend to sue the United States Postal Service. ECF No. 12. Notwithstanding this voluntary dismissal, the Court will explain its separate reasoning for dismissal.

1

Ms. Taylor "continuously and intentionally misused and withheld material information that was vital to several contract disputes from September 2016 to present." *Id.* And that Ms. Taylor "intentionally continued to deny [her] wages and benefits that are legally and rightfully owed to [her] from September 2016 to present," including by "deleting information from the system." ECF No. 9-1. In support of her "discrimination" claim, Plaintiff alleges that Ms. Taylor "took a job" from her because Ms. Taylor believed Plaintiff "wasn't qualified for it" even though Plaintiff had previously been detailed to that position and was performing it until September 2016. *Id.* Plaintiff also asserts that Ms. Taylor "intentionally misclassified" her in the work system. *Id.* Finally, Plaintiff alleges that Ms. Taylor made "untrue statements to employees," "spoke negatively" about her to others, called the police to report Plaintiff, and had Plaintiff placed on "emergency suspension without documentation." *Id.* Plaintiff alleges that she exhausted her "internal administrative options but to no avail." ECF No. 9-1. Plaintiff asserts that she is owed $30,000 in damages. ECF No. 1-4.

## II. STANDARDS OF REVIEW

The United States moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd,* 85 F. App'x 960 (4th Cir. 2004). Once a challenge is made to subject matter jurisdiction, the plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.,*

*a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild,* 742 F. Supp. 2d 772, 777 (D. Md. 2010). In ruling on a motion to dismiss under Rule 12(b)(1), the Court "should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Ferdinand–Davenport,* 742 F. Supp. 2d at 777 (quoting *Evans,* 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

Under Federal Rule of Civil Procedure 8, a Complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 8(d)(1). Further, to state a claim that survives a Rule 12(b)(6) motion, a complaint, relying on only well-pled factual allegations, must state at least a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). The Court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal,* 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[U]nadorned, the defendant-unlawfully-harmed me accusation[s]" or "naked assertions devoid of further factual enhancement" do not suffice. *Iqbal*, 556 U.S. at 678. Although the Court must accept well-pleaded factual allegations in the Complaint as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Id.* at 678–79.

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beauciett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

## III. DISCUSSION

As discussed in more detail below, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over her tort claims because she has not alleged facts showing she exhausted her administrative remedies pursuant to the Federal Tort Claims Act. Additionally, Plaintiff has failed to sufficiently plead an employment discrimination claim.[2]

### A. Tort Claims

The Federal Tort Claims Act (FTCA) provides the "exclusive remedy for all tort suits against the government and its employees who commit tortious acts in the course of their employment." *Ross v. Fed. Bureau of Alcohol, Tobacco & Firearms*, 807 F. Supp. 2d 362, 369 (D. Md. 2011) (citing 28 U.S.C. § 2679(b)(1)). Federal courts have subject-matter jurisdiction over FTCA claims "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Because Plaintiff alleges claims based upon the alleged

---

[2] In addition to mentioning fraud, defamation, and discrimination claims, Plaintiff's Complaint references "contract fraud" and "wage fraud." To the extent that Plaintiff brings wage-related employment claims or contract claims, her Complaint does not include sufficient factual matter to put the United States on notice to defend against these claims or to show that Plaintiff is entitled to relief.

4

negligence or wrongful act or omission on the part of Ms. Taylor in her role with the Postal Service, the court will construe her claim as one under the FTCA. *See* 28 U.S.C. § 2679(a).

To assert any claim against the United States or the Postal Service under the FTCA, a plaintiff is required to first exhaust administrative remedies. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Specifically, a claimant must first present a claim to the appropriate Federal agency and the claim must be "finally denied by the agency in writing" before instituting an action in federal court. 28 U.S.C. § 2675(a). This administrative exhaustion requirement is jurisdictional and may not be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

Plaintiff failed to present her fraud and defamation claims to the United States Postal Service. ECF Nos. 1-3, 9-1, 10-2. Although Plaintiff alleges in conclusory fashion that she exhausted administrative remedies, she does not allege facts that show that she presented her fraud claims to the Postal Service before filing suit. Moreover, the United States searched all "Postal Service Law Department records of administrative tort claims submitted for adjudication" and found none filed by or on behalf of Plaintiff. *See* ECF No. 10-2 at ¶¶ 3-6. As such, the Court lacks subject-matter jurisdiction over Plaintiff's fraud and defamation tort claims, and those claims must be dismissed. *See Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986) ("dismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency").

### B. Discrimination Claim

To sufficiently allege a failure-to-accommodate claim, Plaintiff must plead that "(1) she qualifies as an 'individual with a disability' as defined in 29 U.S.C. § 705(20); (2) the

5

[Defendant] had notice of her disability; (3) she could perform the essential functions of her job with a reasonable accommodation; and (4) the [Defendant] refused to make any reasonable accommodation." *See Reyazuddin v. Montgomery Cty., Maryland*, 789 F.3d 407, 414 (4th Cir. 2015). A "disability" means "a physical or mental impairment that substantially limits one or more major life activities." *See* 29 U.S.C. § 705(20) (incorporating 42 U.S.C. § 12102's definition of "disability").

Plaintiff alleges that Ms. Taylor took away her job because Plaintiff "wasn't qualified" even though Plaintiff had been performing the role until September 2016. However, Plaintiff fails to allege facts showing either that she has a disability substantially limiting her in a major life activity or that the United States had notice of the disability. *See* ECF Nos. 1-4, 9-1. Although she does allege that she was performing the job that was later taken away from her, it is not clear whether she was performing the job's essential functions with a reasonable accommodation or whether the United States refused to reasonably accommodate any disability. *See id.* As a result, to the extent that Plaintiff seeks to state a failure-to-accommodation discrimination claim, that claim will be dismissed for failure to state a claim. *See, e.g., Stevenson v. DOT Trans., Inc.*, Civil No. CCB-17-2078, 2018 WL 3392883, at *2-3 (D. Md. July 12, 2018) (dismissing a failure-to-accommodate discrimination claim for failure to state a claim where a plaintiff failed to "identify a disability covered by the statute," explain how his injuries "substantially limited his life activities," or identify "potential accommodations").

To state a disparate treatment discrimination claim, Plaintiff must allege that she has a disability, she suffered a material adverse action, she was adequately performing her essential functions, and the adverse action occurred under circumstances that raise an inference of unlawful discrimination. *See Abilt. Cent. Intelligence Agency*, 848 F.3d 305, 315 n.9 (4th Cir.

2017). Plaintiff fails to state a claim under this standard because she has not identified her disability or explained the connection between her disability and the adverse action she experienced when her job was taken away. Thus, to the extent that Plaintiff seeks to bring a disparate impact claim, she has not sufficiently alleged facts showing that she is entitled to relief for that claim.

## IV.     CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss is granted. A separate Order shall issue.

Date: <u>June 12, 2019</u>                                                  /s/_____
                                                                                                  GEORGE J. HAZEL
                                                                                                  United States District Judge